IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RYAN THOMAS BECHARD,

                Plaintiff,                          OPINION AND ORDER

        v.                                    14-cv-763-wmc

MICHAEL S. STELLICK and DAVID DITTRICH,

                Defendants.

---

      *Pro se* plaintiff Ryan Thomas Bechard has filed this suit as a "Bill in Equity," seeking immediate injunctive relief to enforce a real estate purchase agreement.  Bechard requests leave to proceed in this case without prepayment of the filing fee.  As such, the court must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  *See* 28 U.S.C. § 1915(e)(2)(B).  In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, however, the court lacks subject matter jurisdiction to hear Bechard's Bill and must dismiss this action.

FACTS[*]

      Bechard is a resident of Mondavi, Wisconsin.  Defendants are also Wisconsin residents, with Michael Stellick living in Eau Claire and David Dittrich in Medford.

---

[*] These facts are generally taken from the allegations in plaintiff's "Bill," which are treated as true and viewed in a light most favorable to plaintiff, except where directly contradicted by undisputed facts taken from public records in state court proceedings pending against plaintiff.  Because plaintiff also offers no basis to seal the record in this case, and the court can discern none, the record will also be unsealed.

In April 2013, Bechard reportedly made an offer to purchase property located at S151 County Road BB, in Mondovi, which was owned by Stellick and encumbered by a mortgage. Attached to the complaint is a "Real Estate Offer to Purchase" this property, which is signed by Stellick and by an individual name Gregory J. Font on behalf of a Buyer identified as Oil Press Company.

Under the terms of the offer, Stellick agreed to remove a "massive" pile of rubble from the property before August 15, 2013. Stellick also agreed to make mortgage payments due on the property to defendant Dittrich. Although Bechard began to make payments consistent with the offer through Oil Press Company, which Bechard reportedly owns, Stellick allegedly breached the terms of the offer by failing to remove the pile of rubble from the property. Stellick also failed to make the requisite mortgage payments to Dittrich. As a result, the property was foreclosed upon in *Dittrich v. Excavation Machinery Sales LLC et al.*, Buffalo County, Case No. 14CV39, to which Bechard was a defendant, and is now subject to a sheriff's sale scheduled for November 13, 2014.

Bechard states that he is still willing to purchase the property "**IF**" Dittrich is the "high bidder" at the November 13th sheriff's sale. Stellick must also remove the pile of rubble that remains on the property.

Bechard seeks an order from this court enjoining the November 13 sheriff's sale authorized by the Buffalo County Circuit Court. Bechard also seeks an order requiring Stellick to remove the rubble pile and thoroughly clean up the property as agreed upon in the Real Estate Offer. Finally, Bechard asks this court to enter a decree conferring "title and right

2

of possession to said tract of land" pursuant to the terms of the Real Estate Offer to Purchase.

OPINION

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, the jurisdiction of a federal court is limited only to "cases or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  In other words, "[a] federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute." *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence").

Because of the limits on federal judicial power, district courts like this one have a duty to determine whether subject-matter jurisdiction exists -- even if the parties do not raise this issue -- before reaching the merits of any case.  *See Buchel-Ruegsegger*, 576 F.3d at 453.  If a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Generally, this court has the authority to hear two types of cases: (1) those in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) those in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32.  According to the pleadings and exhibits, this case does

*not* implicate a federal question. *See* 28 U.S.C. § 1331. Nor does it involve a suit by the citizen of one state against citizens of another. *See* 28 U.S.C. § 1332.[1]

Even if this court has subject matter jurisdiction to hear this case, Bechard's request for relief from the state court judgment of foreclosure are precluded by a doctrine alternately called "abstention" or non-intervention, which is based on traditional principles of "equity, comity, and federalism." *SKS & Assoc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). In that respect, *Younger v. Harris*, 401 U.S. 37 (1971), "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS& Assoc.*, 619 F.3d at 677 (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007)). Similarly, *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943), and *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25 (1959), counsel against a federal court sitting in diversity jurisdiction from interfering in a complex or important area of state law, in which a multi-party foreclosure action falls. *See also Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) (counseling against a federal court from interfering with a parallel state litigation).

For all of these reasons, as well as general comity, Bechard's remedy, if one is available, is in an action against Stellick in state court. In any event, Bechard's complaint must be dismissed because he fails to articulate a valid basis for subject matter jurisdiction in federal court.

---

[1] It is also unclear if the amount in controversy that exceeds $75,000, but the court will assume that to be true for purposes of this order.

ORDER

IT IS ORDERED that:

1. Plaintiff Ryan Thomas Bechard's motion to seal the pleadings (dkt. # 2) is DENIED.

2. Bechard's request for leave to proceed is DENIED and the complaint is DISMISSED without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

   Entered this 7th day of November, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5